

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00057-CV

**TEXAS A&M UNIVERSITY,**

**Appellant**

**v.**

**JOHN DOE,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 18-003136-CV-272

## REFERRAL TO MEDIATION ORDER

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073. The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id.* § 154.002. Mediation is a form

of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that not only this appeal, but also the underlying case in this appeal, 18-003136-CV-272, are appropriate for mediation. *See id.* § 154.021(a). Accordingly, we refer both this appeal and the underlying case, 18-003136-CV-272, to mediation.[1]

The parties are ordered to confer and attempt to agree upon a mediator. Within fourteen (14) days after the date of this Order, the appellant is ordered to file a notice with the Clerk of this Court that either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within thirty (30) days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within thirty (30) days after the date of the order assigning a mediator.

No less than seven (7) calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to

---

[1] We note that, pursuant to section 51.014 of the Civil Practice and Remedies Code, the trial and all other proceedings are stayed pending resolution of this appeal.

understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fee will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten (10) days after the date of this Order, or it is waived.

We refer this appeal and the underlying case, 18-003136-CV-272, to mediation.[2]

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to

---

[2] **Nothing herein should be construed as an all or nothing requirement regarding the mediation. The mediator and parties should endeavor to resolve the entire proceeding, but a resolution of any issue in the appeal or the underlying proceeding is within the scope of this referral.**

run and had not expired by the date of this Order will begin anew as of the date the mediator's report to the Court is received. Any document filed by a party after the date of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Order issued and filed September 30, 2020
RWR

